## NATIONAL STARCH MFG. CO. v. DURYEA et al.

(Circuit Court of Appeals, Second Circuit. February 28, 1900.)

### No. 83

TRADE-NAMES—UNFAIR COMPETITION.

One Duryea was for many years the president and a stockholder in the Glen Cove Manufacturing Company, which made and sold starch in packages having thereon the name "Duryea's Starch" in prominent letters, and also a picture of the manufacturing buildings, and the name of the company. After the starch had been sold for many years, and had become identified with the company, the latter sold its business, trademarks, and good will to another corporation, which continued the use

of the package containing the name and picture, with its own name as manufacturer; Duryea agreeing not to go into the starch business for five years. At the expiration of this time he furnished capital to his sons, who formed a partnership with others, and procured other starch to be made for them, and sold it as "Starch Prepared by Duryea & Co.," but used strikingly different labels and packages. Their starch was in fact prepared in accordance with directions given by them or Duryea, Sr., who subsequently purchased the assets of the firm, and continued the business. *Held*, that this was a proper use by Duryea and his sons of their own name, and could not be enjoined.[1]

Appeal from the Circuit Court of the United States for the Eastern District of New York.

This is a case of "unfair competition" and was before this court upon an appeal from an order of the circuit court which denied a motion for an injunction pendente lite. The case proceeded to final hearing upon full proofs, and the bill was dismissed. From the decree of dismissal this appeal was taken.

Francis Forbes, for appellant.

H. Galbraith Ward, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The counsel for the respective parties united in the request that this appeal should be heard by the court as now constituted, although the different judges had passed upon the motion for an injunction pendente lite. The facts, as they appeared upon the motion papers, were stated in 25 C. C. A. 139, 79 Fed. 651, and it is therefore not necessary to repeat them. The complainant is of the opinion that additional facts now appear in the record which will compel a decree in its favor. There is now evidence that the defendant's starch was vigorously pushed upon retail grocers by salesmen whom the purchasers formerly knew as salesmen of the complainant's product, and that grocers made representations, either by acts or orally, to their customers, in regard to the origin of the new product, which indicated either careless ignorance or a willful disregard of the truth. Testimony is given by retail purchasers from the grocers that they were misled by the use of the name Duryea & Co. It appears that the written contract with the Sioux City Starch Company was one of purchase and sale, and was silent in regard to the rights of the defendant to supervise or to direct the manufacture of the product. Hiram Duryea, during the progress of the suit, bought the partnership assets, and is now carrying on the business under the name of Duryea & Co., and these facts are now, by consent, made part of the record. It will be observed, by reference to the statement of the facts in 25 C. C. A. 139, 79 Fed. 651, that Hiram Duryea had charge of the general management of the sale of the Glen Cove Company's starch from about 1857 to 1890, when its entire property was sold to the complainant, of which he became the first president, having entered into an agreement with the new company that during the term of

[1]As to unfair competition in trade, see note to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper, 30 C. C. A. 376.

five years from April 12, 1890, he would not permit or suffer his name to be used or employed in carrying on the starch business in specified states of this country; and that on November 1, 1895, four of the defendants, including two sons of Hiram Duryea, entered into the business of selling starch under the name of Duryea & Co., with capital furnished by Hiram Duryea, and that the labels of the firm were strikingly different from those of the Glen Cove starch. The right of Hiram Duryea to enter directly or indirectly into the starch business in November, 1895, and his right to permit his name to be used in the new enterprise, are admitted. That an incidental interference with and injury to the business of the complainant, which had the exclusive right to the use of the well-known name or title "Duryea's Starch," would occur,—an injury which would be enhanced by the earnestness of competition in the field which the complainant and its predecessors had labored to occupy,—and that an injury from honest competition is not remediable by a court of equity, are also manifest. The point which is urged by the complainant is that the defendants use the name of Duryea, and have pressed the article which they sell upon the public by the use of that name, "unaccompanied with any precaution or indication" that the article was not the manufacture of the complainant, and thus that their silence is an artifice which misleads (Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118); and that neither the original members of the firm nor Hiram Duryea have taken pains to differentiate their goods from those of the complainant. The complainant uses the familiar label, which contained a picture of the factory buildings at Glen Cove, with its name as the manufacturer of the starch in lieu of the name of its predecessor, and with the words "Duryea's Starch." The defendants' label is entirely dissimilar, but it contains the words, "Prepared by Duryea & Co." That they gladly welcomed the pecuniary advantage from the right to use the name Duryea is true, but that they presented it to the public as the Glen Cove starch is not true, and, while their label does not say as much as it might have said without detriment to themselves, and with the same injury to the complainant, yet we think that their starch is shown by the label not to be the manufacture of the complainant, as the successor of the Glen Cove Company, and not to be identified with the former Glen Cove factories as the source of its manufacture. The statement that the starch is prepared by Duryea & Co., whereas it is manufactured by the Sioux City Starch Company, is the most significant indication of an attempt to deceive; but the evidence in this case, from letters which passed after the date of the contract with that company between the parties to it, contains stronger and more convincing proof than was presented on the motion for preliminary injunction that the starch was actually being perfected by the improvements suggested or directed by the defendants, and that the manufacture was actually under their supervision. Upon the whole case, we are of opinion that the decree of the circuit court should be affirmed, with costs.